# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4440 | **DATE** | 6/27/2000 |
| **CASE TITLE** | Jimmie A. Johnson vs. Jewel Food Stores, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 7/13/2000 at 9:30 a.m..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's Motion to File Amended Complaint [27] is denied. Defendant's Motion for Sanctions [30] is denied. This case is set for status on Thursday, July 13, 2000, at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 29 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RJ | courtroom deputy's initials | 00 JUN 28 AM 8:11 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE A. JOHNSON,<br>                 Plaintiff,<br>v.<br><br>JEWEL FOOD STORES, INC.,<br>a New York corporation,<br>                 Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 98 C 4440<br><br>Judge Joan B. Gottschall |

DOCKETED
JUN 29 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmie Johnson seeks to amend her complaint against defendant Jewel Food Stores, Inc. Johnson's current complaint brings Title VII claims for sexual harassment and retaliation against Jewel. She now proposes adding claims for race discrimination, retaliation, and wrongful termination against Jewel, and a claim for race discrimination against her labor union. The primary obstacle faced by Johnson's motion to amend stems from the fact that, while Johnson has filed two EEOC charges alleging gender discrimination, the only EEOC charge she filed alleging race discrimination was withdrawn after being settled.

In asserting her right to amend her complaint, Johnson repeatedly points to Federal Rule of Civil Procedure 15(a)'s provision that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Johnson insists that "[n]o responsive pleading has been filed in this case." (Pl.'s Resp. at 3) Johnson either misunderstands what a "responsive pleading" is or has failed to investigate this case's history. A responsive pleading has been filed. An answer to the original complaint was filed on September 14, 1998, and a second amended answer was filed on February 24, 1999.

Where a responsive pleading has been filed, a party may amend "only by leave of court or

35

by written consent of the adverse party." FED. R. CIV. P. 15(a). Although "leave shall be freely given where justice so requires," *id.*, a court "is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss." *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985). "The liberal amendment rules under Rule 15(a) do not require the courts to indulge in futile gestures." *Id.* at 268-69.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Allowing the complaint "to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." *Id.* Because most EEOC charges are completed by laypersons, not lawyers, the test for determining whether an EEOC charge encompasses the claims in a complaint provides the plaintiff with "significant leeway." *Id.* Title VII claims set forth in a complaint are cognizable if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

Johnson insists that the race discrimination claim she seeks to add is reasonably related to her EEOC charges alleging gender discrimination, and that her EEOC charge alleging race discrimination satisfies the filing requirement even though it was voluntarily withdrawn. She relies on *Collins v. Executive Airlines, Inc.*, 934 F. Supp. 1378 (S.D. Fla. 1996) as her primary support for these arguments. In *Collins*, the plaintiff filed an EEOC charge in 1991 alleging that the defendant's failure to promote him was the result of race discrimination. The parties settled that claim the following year. The plaintiff filed another EEOC charge in May 1993, which was

resolved in March 1994. In May 1994, the plaintiff filed a third EEOC charge, this one alleging retaliation.

The defendant in *Collins* argued that the plaintiff's Title VII claim of racial discrimination – specifically, hostile work environment – was barred because it exceeded the scope of the May 1994 EEOC charge alleging retaliation. The court rejected the argument, finding that "a claim for racial or other discrimination may be reasonably related to a subsequent claim of retaliatory conduct based on the earlier charges of discrimination." *Id.* at 1381. Based on the facts before it – notably, the May 1994 charge's explicit reference to the May 1993 charge and the plaintiff's designation of the charges as a "Continuing Action" – the court found that the racial discrimination charge was reasonably related to the retaliation charge. *Id.* The *Collins* court noted, however, that "Plaintiff cannot, of course, bring the claims or incidents that were resolved in March 1994 within the ambit of the instant suit." *Id.*

*Collins* has no application to Johnson's motion to amend. It is one matter to find, as the *Collins* court did, that a race discrimination claim is reasonably related to a claim that the plaintiff suffered retaliation because of that race discrimination claim. It is quite another matter to find, as Johnson proposes, that a gender discrimination claim is reasonably related to a race discrimination claim. Johnson's EEOC charges alleging gender discrimination do not mention race, nor do they set forth facts suggesting race discrimination. Accordingly, they are not reasonably related to the race discrimination claim set forth in Johnson's proposed amended complaint. *See Gordon v. United Airlines, Inc.*, No. 98 C 1378, 1999 WL 1016271, at *3 (N.D. Ill. Nov. 3, 1999); *Crawford v. Bank of America*, 986 F. Supp. 506, 507 (N.D. Ill. 1997) ("An allegation of race discrimination is not 'like or reasonably related to' an allegation of sex

3

discrimination."). *Cf. Jenkins*, 538 F.2d at 169 (finding that factual statements in EEOC charge alleging race discrimination also set forth sex discrimination claim).

While Johnson is correct that her previous EEOC charge alleging race discrimination may have provided Jewel with notice of her proposed claim, that does not allow her to add the claim to her complaint. Johnson voluntarily withdrew the charge after reaching a resolution by which Jewel expunged six reprimands from her employment record. This withdrawal – coupled with Johnson's failure to raise any race discrimination allegations in subsequent EEOC charges – precludes Johnson from raising the claim here. *See Wilmes v. United States Postal Service*, 810 F.2d 130, 131-33 (7th Cir. 1987); *Parks v. University of Chicago Hospitals and Clinics*, 896 F. Supp. 775, 781 (N.D. Ill. 1995). Even the *Collins* court recognized that previously resolved EEOC charges may not be resurrected in federal court. *See Collins*, 934 F. Supp. at 1381.

Similarly, because Johnson voluntarily withdrew her race discrimination claim before the Illinois Department of Human Rights ("IDHR"), she has failed to exhaust her administrative remedies, and may not bring her claim under the Illinois Human Rights Act ("IHRA"). Absent a request to review the IDHR's actions, this court lacks subject matter jurisdiction over an IHRA claim. *See Cavalieri-Conway v. L. Butterman & Assoc.*, 992 F. Supp. 995, 1009 (N.D. Ill. 1998), *aff'd*, 172 F.3d 52 (7th Cir.), *cert. denied*, 120 S. Ct. 121 (1999).

Johnson's proposed retaliation claims are also futile. The proposed amended complaint contains two identical retaliation claims (both labeled, unhelpfully, as "Count III") alleging that Johnson was retaliated against because she filed discrimination charges. To the extent that these claims are based on her pursuit of gender discrimination charges, they are duplicative of the retaliation claim set forth in Johnson's current complaint. To the extent that the claims are based

4

on her pursuit of race discrimination charges, they are barred because the claims were never raised before the EEOC.

Johnson seeks to add a claim for wrongful termination, alleging that "Jewel's actions in terminating Plaintiff were based upon her race and [were] in retaliation for her having filed the charges of discrimination." (Am. Compl. Count IV ¶ 19) Johnson alleges that the termination violated Title VII and the IHRA. (*Id.* ¶ 22) Because Johnson alleges that her termination was wrongful in that it was based on her race, this claim is barred for the reasons discussed above. Johnson was required to present her race discrimination claims to the EEOC and IDHR before bringing this claim in federal court.[1]

Johnson also seeks to add a claim against her labor union, alleging that the union breached its duty to fairly represent her. After Jewel pointed out that such claims are subject to a six-month statute of limitations under the National Labor Relations Act, 29 U.S.C. § 160(b), Johnson now contends that her proposed claim falls under Title VII. According to Johnson, she "seeks to allege that the union's failure to provide her with adequate representation was because of her race, in violation of Title VII." (Pl.'s Reply at 3) As discussed above, a Title VII claim must first be raised with the EEOC – contrary to the implication of Johnson's argument, the fact that the claim is brought against a labor union does not lift this requirement. *See, e.g., Ramos v. Chicago Sun-Times*, No. 97 C 3276, 1997 WL 545349, at *1 (N.D. Ill. Aug. 29, 1997) (dismissing claim against labor union where union was not named in EEOC charge). Because

---

[1] Jewel presumes that Johnson seeks to add a wrongful termination claim based on gender discrimination. (Def.'s Opp. at 7) The proposed amended complaint submitted to the court contains two wrongful termination claims based on race discrimination, with no reference to gender discrimination. Even if Johnson had sought to add a wrongful termination claim based on gender discrimination, it would be redundant in light of the current complaint's claims.

5

Johnson did not file an EEOC charge setting forth this claim, she may not add it to her complaint.

Jewel seeks sanctions on the ground that Johnson's proposed amended complaint has no basis in fact or law. The court admits that Jewel's motion for sanctions is not without merit. Many of the arguments submitted in support of Johnson's motion to amend are based on interpretations of case law that are starkly unfounded. While it is apparent that Johnson's counsel has conducted legal research on these issues, the court is baffled by some of the conclusions drawn from that research. Nevertheless, the court declines to sanction Johnson's counsel at this time. He is on notice, however, that if the court is met with similarly baseless arguments in the future, sanctions will be imposed *sua sponte*. Johnson's request for sanctions against Jewel is utterly meritless, and is denied.

## Conclusion

Johnson's motion to amend her complaint is denied because the proposed amendments could not withstand a motion to dismiss. Jewel's motion for sanctions is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: June 27, 2000